# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1391V
Filed: June 30, 2017
UNPUBLISHED

|  |  |
|---|---|
| DAWNITA NOBLE,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ,* for petitioner.
*Christine Mary Becer, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 17, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") after receiving the influenza vaccine on October 24, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 29, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for her injury. On June 30, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached to the Proffer at Tab A. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following compensation:**

1. **A lump sum payment of $<u>313,393.96</u>, representing** compensation for life care expenses expected to be incurred in the first year after judgment ($35,411.65), compensation for actual and anticipated lost earnings ($87,982.31), and compensation for actual and projected pain and suffering ($190,000.00, **in the form of a check payable to petitioner, Dawnita Noble.**

2. **A lump sum payment of $<u>456.55</u>,** representing compensation for the satisfaction of the Sunflower Health Plan Medicaid lien, **payable jointly to petitioner, Dawnita Noble, and**

   **Sunflower Health Plan**
   5615 High Point Drive, Suite 100
   Attn: Case Management Dept.
   Irving, Texas 75038
   Case Number: 101088
   Recipient ID: KA0100100170270

3. **An amount sufficient to purchase an annuity contract subject to the conditions described in the Proffer to provide payment as described in the Proffer, for the life care items contained in the life care plan and illustrated in the chart filed as an attachment (Tab A) to the Proffer, beginning with compensation for Year Two (on the first year anniversary of the date of the judgment) and all subsequent years, paid to the life insurance company from which the annuity will be purchased. To clarify, the annuity will cover all items of compensation set forth in the life care plan and illustrated in the chart attached to the Proffer at Tab A, except those items of compensation for which payment will be made under #1 and #2 above.**

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

                                        **s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

DAWNITA NOBLE,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 15-1391V
Chief Special Master Dorsey
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Items of Compensation**

    A.   Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLP, and petitioner engaged Roberta Hurley, B.S., Ed., to provide an estimation of Dawnita Noble's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report, filed June 28, 2017. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Dawnita Noble, attached hereto as Tab A.[1] Respondent proffers that Dawnita Noble should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

    B.   Lost Earnings

The parties agree that based upon the evidence of record, Dawnita Noble has suffered past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

proffers that Dawnita Noble should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Dawnita Noble's lost earnings is $87,982.31. Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that Dawnita Noble should be awarded $190,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. <u>See</u> 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    D.    <u>Past Unreimbursable Expenses</u>

Petitioner represents that she is not submitting a claim for past unreimbursable expenses.

    E.    <u>Medicaid Lien</u>

Respondent proffers that Dawnita Noble should be awarded funds to satisfy a SUNFLOWER HEALTH PLAN lien in the amount of $456.55, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the SUNFLOWER HEALTH PLAN may have against any individual as a result of any Medicaid payments the SUNFLOWER HEALTH PLAN has made to or on behalf of Dawnita Noble from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 24, 2014, under Title XIX of the Social Security Act.

**II.**    **<u>Form of the Award</u>**

The parties recommend that the compensation provided to Dawnita Noble should be made through a combination of lump sum payments and future annuity payments as described

below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $313,393.96, representing compensation for life care expenses expected to be incurred during the first year after judgment ($35,411.65); lost earnings ($87,982.31); and pain and suffering ($190,000.00), in the form of a check payable to petitioner, Dawnita Noble.

B. A lump sum payment of $456.55, representing compensation for satisfaction of the SUNFLOWER HEALTH PLAN Medicaid lien, payable jointly to petitioner and

> SUNFLOWER HEALTH PLAN
> 5615 High Point Drive, Suite 100
> Attn: Case Management Dept.
> Irving, Texas 75038
> Case Number: 101088
> Recipient ID: KA0100100170270

C. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Dawnita Noble, only so long as Dawnita Noble is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Dawnita Noble, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Dawnita Noble's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Dawnita Noble:    **$313,393.96**

    B.    Medicaid lien:    **$     456.55**

    C.    An amount sufficient to purchase the annuity contract described above in section II.C.

---

of Records, No. 09-15-0056.

        Respectfully submitted,

        CHAD A. READLER
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        GABRIELLE M. FIELDING
        Assistant Director
        Torts Branch, Civil Division

        */s/Christine M. Becer*
        CHRISTINE M. BECER
        Trial Attorney
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box l46, Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Direct dial: (202) 616-3665

Dated: June 30, 2017

Appendix A:  Items of Compensation for Dawnita NoblePage 1 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Years 12-15 | Compensation Year 16 | Compensation Years 17-20 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2017 | 2018-2021 | 2022 | 2023-2026 | 2027 | 2028-2031 | 2032 | 2033-2036 |
| Medicare Part B Premium | 5% | | M | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Medigap C | 5% | | M | 2,341.50 | 2,341.50 | 2,341.50 | 2,341.50 | 2,341.50 | 2,341.50 | 2,341.50 | 2,341.50 |
| Medicare Part D | 5% | | M | 2,700.36 | 2,700.36 | 2,700.36 | 2,700.36 | 2,700.36 | 2,700.36 | 2,700.36 | 2,700.36 |
| Neurosurgery | 5% | * | | | | | | | | | |
| Pain Mngt | 5% | * | | | | | | | | | |
| Neurology | 5% | * | | | | | | | | | |
| Orthopedic | 5% | * | | | | | | | | | |
| Bupropion | 5% | * | | | | | | | | | |
| Duloxetine | 5% | * | | | | | | | | | |
| Lamatrigin | 5% | * | | | | | | | | | |
| Lyrica | 5% | * | | | | | | | | | |
| Methadone | 5% | * | | | | | | | | | |
| Norco | 5% | * | | | | | | | | | |
| Water Therapy/YMCA | 4% | | | 516.00 | 516.00 | 516.00 | 516.00 | 516.00 | 516.00 | 516.00 | 516.00 |
| Counseling | 4% | * | | | | | | | | | |
| Scooter | 4% | | | 829.00 | | 829.00 | | 829.00 | | 829.00 | |
| Rollator Waker | 4% | * | | | | | | | | | |
| Adj Cane | 4% | | | 33.85 | | 33.85 | | 33.85 | | 33.85 | |
| Bath Bench | 4% | | | 86.98 | | 86.98 | | 86.98 | | 86.98 | |
| Lift Chair | 4% | | | 379.00 | | | | 379.00 | | | |
| Adj Bed | 4% | | | 723.00 | | | | 723.00 | | | |
| Diabetic Socks | 4% | | | 23.96 | 23.96 | 23.96 | 23.96 | 23.96 | 23.96 | 23.96 | 23.96 |
| Therapeutic Shoes | 4% | | | 160.00 | 160.00 | 160.00 | 160.00 | 160.00 | 160.00 | 160.00 | 160.00 |
| Home Care | 4% | | M | 19,710.00 | 19,710.00 | 19,710.00 | 19,710.00 | 19,710.00 | 19,710.00 | 19,710.00 | 19,710.00 |
| Home Mods | 0% | | | 6,300.00 | | | | | | | |
| Lost Earnings | | | | 87,982.31 | | | | | | | |
| Pain and Suffering | | | | 190,000.00 | | | | | | | |

**Appendix A:  Items of Compensation for Dawnita Noble**                               Page 2 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Years 12-15 | Compensation Year 16 | Compensation Years 17-20 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2017 | 2018-2021 | 2022 | 2023-2026 | 2027 | 2028-2031 | 2032 | 2033-2036 |
| Medicaid Lien | | | | 456.55 | | | | | | | |
| Annual Totals | | | | 313,850.51 | 27,059.82 | 28,009.65 | 27,059.82 | 29,111.65 | 27,059.82 | 28,009.65 | 27,059.82 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($35,411.65), lost earnings ($87,982.31), and pain and suffering ($190,000.00): $313,393.96.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and SUNFLOWER HEALTH PLAN, as reimbursement of the SUNFLOWER HEALTH PLAN lien: $456.55.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 21 | Compensation Year 22 | Compensation Years 23-Life |
|---|---|---|---|---|---|---|
|  |  |  |  | 2037 | 2038 | 2039-Life |
| Medicare Part B Premium | 5% |  | M | 1,608.00 | 1,608.00 |  |
| Medicare Part B Deductible | 5% | * |  |  |  |  |
| Medigap C | 5% |  | M | 2,341.50 | 2,341.50 | 2,341.50 |
| Medicare Part D | 5% |  | M | 2,700.36 | 2,700.36 | 2,700.36 |
| Neurosurgery | 5% | * |  |  |  |  |
| Pain Mngt | 5% | * |  |  |  |  |
| Neurology | 5% | * |  |  |  |  |
| Orthopedic | 5% | * |  |  |  |  |
| Bupropion | 5% | * |  |  |  |  |
| Duloxetine | 5% | * |  |  |  |  |
| Lamatrigin | 5% | * |  |  |  |  |
| Lyrica | 5% | * |  |  |  |  |
| Methadone | 5% | * |  |  |  |  |
| Norco | 5% | * |  |  |  |  |
| Water Therapy/YMCA | 4% |  |  | 516.00 | 516.00 | 516.00 |
| Counseling | 4% | * |  |  |  |  |
| Scooter | 4% |  |  | 829.00 | 165.80 | 165.80 |
| Rollator Waker | 4% | * |  |  |  |  |
| Adj Cane | 4% |  |  | 33.85 | 6.77 | 6.77 |
| Bath Bench | 4% |  |  | 86.98 | 17.40 | 17.40 |
| Lift Chair | 4% |  |  | 379.00 | 37.90 | 37.90 |
| Adj Bed | 4% |  |  | 723.00 | 72.30 | 72.30 |
| Diabetic Socks | 4% |  |  | 23.96 | 23.96 | 23.96 |
| Therapeutic Shoes | 4% |  |  | 160.00 | 160.00 | 160.00 |
| Home Care | 4% |  | M | 19,710.00 | 19,710.00 | 19,710.00 |
| Home Mods | 0% |  |  |  |  |  |
| Lost Earnings |  |  |  |  |  |  |
| Pain and Suffering |  |  |  |  |  |  |

**Appendix A: Items of Compensation for Dawnita Noble**  Page 4 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 21 | Compensation Year 22 | Compensation Years 23-Life |
|---|---|---|---|---|---|---|
| | | | | 2037 | 2038 | 2039-Life |
| Medicaid Lien | | | | | | |
| Annual Totals | | | | 29,111.65 | 27,359.99 | 25,751.99 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($35,411.65), lost earnings ($87,982.31), and pain and suffering ($190,000.00): $313,393.96.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and SUNFLOWER HEALTH PLAN, as reimbursement of the SUNFLOWER HEALTH PLAN lien: $456.55.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.